**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1051 |
| Plaintiff - Appellee, | D.C. No. 1:22-cr-00031-DKW-1 |
| v. | MEMORANDUM[*] |
| LINDSEY KINNEY, AKA Cowboy, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawai'i
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted June 10, 2024
Honolulu, Hawai'i

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Defendant-Appellant Lindsey Kinney appeals his jury conviction and 37-month sentence on two counts of interstate threats to kill or injure another person in violation of 18 U.S.C. § 875(c). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** Kinney challenges the district court's denial of his motion to suppress evidence obtained from his cellphone, arguing that the warrant authorizing a search of the phone lacked particularity and was overbroad. We review *de novo* the denial of a motion to suppress. *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006).

A search warrant violates the Fourth Amendment if it lacks specificity, which concerns particularity and breadth. A warrant is sufficiently specific if it clearly states what is sought and is limited to items for which there is a probable cause to search. *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 702 (9th Cir. 2009). Although Kinney argues the warrant lacked sufficient procedural safeguards consistent with *United States v. Tamura*, 694 F.2d 591 (9th Cir. 1982), to prevent an overbroad search, a formal search protocol is not required. *United States v. Hill*, 459 F.3d 966, 978 (9th Cir. 2006). An affidavit incorporated into a warrant can be a limitation on the discretion of an officer involved in a search. *SDI Future Health*, 568 F.3d at 699.

The lengthy affidavit supporting the warrant explained in detail the alleged crime, the connection to the cell phone, and the type of data that was sought. *See id.* (finding categories of documents were properly included in the warrant when the facts in the affidavit connected those documents to the alleged crime); *cf. United States v. Underwood*, 725 F.3d 1076, 1082 (9th Cir. 2013) (finding warrant

was overbroad when affidavit included minimal underlying facts and conclusory allegations and inferences). The warrant did not, as alleged by Kinney, allow for search and seizure of any content of the cell phone; rather, it limited the search to content connected to "evidence of the violations of 18 U.S.C. § 875(c)." Because the warrant limited the search to the use of digital evidence connected to the alleged crimes as described in an incorporated affidavit, it met the specificity requirements of the Fourth Amendment.

**2.** Kinney argues that admission of social media evidence showing his possession of firearms violated Federal Rule of Evidence 404(b) and penalized him for the exercise of his Second Amendment right. We review for an abuse of discretion the district court's decision to admit or exclude evidence, but review *de novo* whether evidence falls within the scope of Rule 404(b). *United States v. Wells*, 879 F.3d 900, 924–25 (9th Cir. 2018).

Kinney's Second Amendment arguments lack any legal support. Kinney does not cite any cases, nor do we know of any, that discuss the impact of the Second Amendment on admission of evidence in a criminal case. Under the Federal Rules of Evidence, evidence of prior conduct "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). However, evidence that is "inextricably intertwined with a charged offense" may be admitted. *United States*

*v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). We evaluate the evidence for a contextual or substantive connection to show that the evidence bears directly on the charged crime. *Wells*, 879 F.3d at 929.

We agree with district court that Kinney's public social media posts "provide[d] the context in which to evaluate and measure the threatening communication" and provided "a more complete picture of the nature of the subjective threat that [Kinney] intended to convey." *See United States v. Sutcliffe*, 505 F.3d 944, 959 (9th Cir. 2007) (noting evidence regarding possession of firearms "tended to prove that Defendant had the requisite specific intent to threaten"); *United States v. Bagdasarian*, 652 F.3d 1113, 1123 (9th Cir. 2011) (describing *Sutcliffe*, stating the firearms evidence was "just one among many pieces of evidence relevant to the language and context of the threats that we considered in determining that the defendant had the requisite specific intent to threaten"). Furthermore, Kinney's public postings on social media provided context on how his statements would be viewed both by those he threatened and a reasonable person. There was no error in the admission of the evidence relating to Kinney's possession of firearms.

3. Kinney argues the district court erred in failing to instruct the jury on the definition of a "true threat," and that this violated his rights under the First and Fifth Amendments. We review *de novo* whether a jury instruction misstated or

omitted an element of a charged offense. *United States v. Singh*, 979 F.3d 697, 711 (9th Cir. 2020).

Kinney correctly notes that the First Amendment only allows criminalization of "true threats," which are "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003). However, Kinney does not cite binding authority, nor do we know of any, that the definition of true threat is a required element or instruction for a conviction under 11 U.S.C. § 875(c). The district court instruction, which told the jury that a conviction under 11 U.S.C. § 875(c) required both a subjective element (that "the defendant intended to communicate a threat by the communication") and an objective element (that "a reasonable observer would view the communication as a threat"), covered the elements of a true threat. *See United States v. Bachmeier*, 8 F.4th 1059, 1064 (9th Cir. 2021); *United States v. Keyser*, 704 F.3d 631, 638 (9th Cir. 2012). Accordingly, we find no constitutional error in the instruction.

4.     Kinney argues that the district court impermissibly drew a negative inference from his failure to testify when, during sentencing, it found that he lacked remorse. We review *de novo* a claim that a sentence violates a defendant's constitutional rights. *United States v. Hunt*, 656 F.3d 906, 911 (9th Cir. 2011).

Kinney ignores that he did allocute before sentencing, and that allocution

contained no suggestion of remorse. In pronouncing the sentence, the district court noted Kinney's right not to testify at trial and referred to statements relating to responsibility in the presentencing report or letters submitted to the court, considered letters submitted by Kinney's family and friends, and noted Kinney's statements at the sentencing hearing. *See United States v. Green*, 940 F.3d 1038, 1042 (9th Cir. 2019) (noting the Sentencing Guidelines commentary instructs that courts may consider other evidence indicating remorse separate from any statements made). The district court did not make an impermissible adverse inference from Kinney's failure to testify at trial or apologize for his actions, but instead properly considered all the sentencing factors including acceptance of responsibility. *See United States v. Johnston*, 789 F.3d 934, 943 (9th Cir. 2015) (holding that, given the court's careful review of the record and recognition of defendant's right not to testify, the sentence was not affected by an adverse inference from the defendant's silence).

Kinney's conviction and sentence are **AFFIRMED.**